## Case No. 16,080.

### UNITED STATES v. POWER.

[14 Blatchf. 223.] 1

Circuit Court, S. D. New York.    May 16, 1877.

NATURALIZATION BY STATE COURTS—WHAT COURTS COMPETENT.

It is provided by section 2165 of the Revised Statutes of the United States, that an alien may be admitted to be a citizen of the United States by "a court of record of any of the states, having common law jurisdiction, and a seal and clerk." A city court, which is a court of record and has a seal and a clerk, and has conferred upon it, by a statute of New York, all the power and jurisdiction of justices of the peace, and all jurisdiction and power, within the city, of the marine court in the city of New York, and whose judge is clothed with all the

1 [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

U. S. v. POYLLON (Case No. 16,081)

[27 Fed. Cas. page 608]

powers of a county judge and of a judge of the supreme court of the state at chambers, and which has civil jurisdiction in all actions for the recovery of money, when the amount recovered does not exceed $1.000, is a court having common law jurisdiction, within the meaning of said § 2165.

[Cited in Ex parte Tweedy, 22 Fed. 85.]
[Cited in Re Dean, 83 Me. 489, 22 Atl. 387.]

[This was an indictment against Martin Power upon the charge of perjury. Heard on demurrer.]

William Burke Cochran, for defendant.
Benjamin B. Foster, Asst. U. S. Dist. Atty.

BENEDICT, District Judge. The prisoner is indicted under section 2165 of the Revised Statutes of the United States, for perjury committed by him in making an application to be naturalized before the city court of Yonkers. A demurrer to this indictment brings before the court the question, whether the city court of Yonkers had jurisdiction to entertain the prisoner's application to be made a citizen of the United States. If that court has not such jurisdiction, the indictment charges no offence, and the prisoner must be discharged.

The provision in the laws of the United States, upon this subject, is to be found in section 2165 of the Revised Statutes, where it is enacted, that an alien may be admitted to become a citizen of the United States, upon making certain declarations on oath before "a court of record of any of the states, having common-law jurisdiction, and a seal and clerk." It is conceded, that the city court of Yonkers is a court of record, and that it has a clerk and a seal, but the question is, whether it is a court having common-law jurisdiction, within the meaning of the statute of the United States, above quoted. The jurisdiction of the city court of Yonkers is to be found in the laws of the state of New York. Chapter 866 of the Laws of 1872 confers upon that court all the power and jurisdiction of justices of the peace, and all jurisdiction and power, within the city of Yonkers, of the marine court in the city of New York, and it clothes the judge of that court with all the powers of a county judge and of a judge of the supreme court of the state at chambers. In addition to these powers, chapter 61 of the Laws of 1873 confers upon this court civil jurisdiction in all actions for the recovery of money, when the amount recovered does not exceed $1,000. It is manifest, that, by virtue of these statutory provisions, the city court of Yonkers is authorized to exercise some common-law jurisdiction, that is, it has jurisdiction to hear and determine causes which were cognizable by the courts of law, under what is known as the common law of England, although it has not jurisdiction of all such causes. It will be noticed, however, that the statute of the United States does not require of courts authorized to entertain applications for naturalization, that they shall

have all the jurisdiction possessed by any court of law. If the court may exercise any part of that jurisdiction, it is within the language of the statute, and within its meaning, as well. Thus, the courts of Massachusetts, in Ex parte Gladhill, 8 Metc [Mass.] 168, held the police court of Lowell to be a court exercising a common-law jurisdiction, and, therefore, authorized to entertain applications to be made citizens of the United States, because it was by law authorized to "hear and determine all complaints and prosecutions, in like manner as justices of the peace," with "jurisdiction of all civil suits and actions cognizable by a justice of the peace." The reasoning of this decision was adopted by the circuit court of the United States for the First circuit, in Ex parte Cregg [Case No. 3,380], where, upon the same ground, the police court of Lynn was held, by the circuit court of the United States, to be a court having common-law jurisdiction, within the meaning of the United States statute. A like conclusion was reached by the supreme court of New Hampshire, in respect to the police court of Nashua. and upon the same ground. State v. Whittemore, 50 N. H. 245. In re Connor, 39 Cal. 98, a similar question in respect to the county courts of California was considered, and it was there adjudged, that a court having jurisdiction to prevent or abate a nuisance was a court exercising common law jurisdiction, within the meaning of this statute of the United States. The court, in the case, say it is not necessary to have "jurisdiction over all classes of common law actions," and that "the act of congress does not require that the courts shall have all the common law jurisdiction which pertains to all classes of cases." See, also, the meaning given by the supreme court of the United States to the words "common law," as used in the constitution of the United States. Parsons v. Bedford, 3 Pet. [28 U. S.] 433, 446.

In the light of these decisions there seems to be no reason for doubting that the language of the statute is sufficiently broad to permit the city court of Yonkers to hear and determine the prisoner's application to be made a citizen of the United States. This is the only question that has been presented for my consideration, and, entertaining the opinion above expressed, I must overrule the demurrer, and direct the prisoner to plead to the indictment.