UNITED STATES v. NECHMAN.

(District Court, E. D. Michigan. May 12, 1910.)

No. 5,327.

1. ALIENS (§ 70*)—NATURALIZATION—DECREE—VACATION—FINDING.

Where a decree of naturalization issued by an Ohio court of original jurisdiction recited that the alien naturalized was then 25 years of age, and that it appeared to the court that he had made his declaration of intention to become a citizen of the United States according to law, it should be construed as finding that all other requirements necessary to sustain his application were found to exist; and hence the order could not be attacked on the ground that he had not declared his intention at

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep't Indexes

least two years prior to his admission to citizenship, under the rule that a judgment may not be impeached for any facts, whether involving fraud, collusion, or perjury, which were necessarily before the court entering the judgment and passed upon.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 154–160; Dec. Dig. § 70.*]

2. ALIENS (§ 67*)—NATURALIZATION—COURTS—JURISDICTION.

Where a court admitting an alien to citizenship was vested with some common-law jurisdiction, and had a clerk and a seal, it was empowered by Rev. St. § 2165 (U. S. Comp. St. 1901, p. 1329), to naturalize aliens; it not being essential that the court shall have been invested with general common-law jurisdiction.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 131–137; Dec. Dig. § 67.*]

Petition by the United States to vacate a judgment of naturalization of Charles Nechman. On demurrer to the petition. Sustained.

Frank H. Watson, U. S. Atty., and J. Edward Bland, Asst. U. S. Atty.

Raymond E. Van Syckle, for defendant.

SWAN, District Judge. This petition prays for an order setting aside and annulling an order of the court of insolvency of Cuyahoga county, Ohio, made April 1, 1902, admitting defendant Nechman to citizenship. This application is made under the provisions of section 15 of the act of June 29, 1906 (34 Stat. 601, c. 3592 [U. S. Comp. St. Supp. 1909, p. 485]), which authorizes proceedings "in any court having jurisdiction to naturalize aliens * * * for the purpose of setting aside and canceling the certificate of citizenship on the ground of fraud or on the ground that the certificate of citizenship was illegally procured."

The grounds here pressed for the cancellation of defendant's certification are: (1) That defendant was over the age of 18 years at the time of his arrival in the United States; (2) that he had not, at least two years prior to his admission as a citizen of the United States of America, declared his intention to become a citizen of the United States of America, in compliance with the provisions of section 2165 of the Revised Statutes of the United States (U. S. Comp. St. 1901, p. 1329); (3) that the court admitting the said Charles Nechman to citizenship had no jurisdiction in naturalization matters.

While there is some conflict in the testimony as to the age of Nechman, it is not clear that he was over 18 years of age when he arrived in the United States. His father's testimony is positive that he was born September 22, 1877, and came to the United States from Russia at the age of 17 years. Whatever the defendant has stated as to his age is obviously inferior to his father's knowledge. He was naturalized in the court of insolvency of Cuyahoga county, Ohio, April 1, 1902, and was then 25 years of age. If this testimony is credible, his naturalization is not assailable on the ground of fraud or illegality. His certificate of naturalization recites that:

"It appearing to the court that he had made his declaration of intention to become a citizen of the United States, according to law."

This can have but one meaning. All other requirements of the law necessary to sustain his application for naturalization, as the law then stood, are found by the court and recited in its certificate. There is an entire absence of testimony that any fraud was perpetrated upon the court, or that there was any illegality committed by which Nechman's certificate was procured. There is, therefore, nothing in section 15 of the statute of 1906 which would warrant this court in canceling his certificate. The facts were all directly before the court and it passed its judgment upon them. "The judgments of courts may not be impeached for any facts, whether involving fraud or collusion, or not, or even perjury, which were necessarily before the court and passed upon." The Acorn, 2 Abb. 435, 445, Fed. Cas. No. 29; U. S. v. Gleeson, 90 Fed. 778, 33 C. C. A. 272; Spratt v. Spratt, 4 Pet. 393, 7 L. Ed. 897; Hilton v. Guyot, 159 U. S. 207, 16 Sup. Ct. 139, 40 L. Ed. 95; U. S. v. Throckmorton, 98 U. S. 66, 25 L. Ed. 93.

In the case at bar, the petition of the United States does not allege fraud, and, of course, that is not in the issue. This fact differentiates the case from U. S. v. Spohrer (C. C.) 175 Fed. 440, in which fraud was an issue. In U. S. v. Simon (C. C.) 170 Fed. 680, 682, the petition did not allege Simon's fraud; "but it was assumed on both sides that the ground of illegality was open to the United States. So far as the United States relied upon fraud, it is bound to prove the fraud." In that case the certificate was canceled, although the court found no fraud to have been committed by the applicant, on the ground that the court which granted the certificate, if it acted with full knowledge of the facts, must have found that applicant's naturalization, as a British subject, within five years prior to his admission to citizenship in the United States did not interrupt the period of five years' residence required by the laws of the United States. Judge Lowell held that:

"If the state court proceeded on this ground, I must hold that it erred in matters of law, and therefore that Simon's naturalization was illegally procured."

The facts in the case at bar take this case out of the reasoning of Judge Lowell, for there is nothing here upon which the correctness of the ruling of the Ohio court in Nechman's naturalization can be impugned.

Had the court of insolvency of Cuyahoga county common-law jurisdiction? It is not denied that it had some common-law jurisdiction. It was therefore, empowered under section 2165, Rev. St. U. S., to hold cognizance of proceedings for naturalization, as it has also a clerk and a seal, as its certificate in this case attests. This is sufficient. "It is not indispensable to the qualifications of a court under this act of Congress that it should have all the common-law jurisdiction, or even that it should have a general common-law jurisdiction." Levin v. U. S., 128 Fed. 826, 832, 63 C. C. A. 476; Ex parte Cregg, 2 Carter, 98; Parsons v. Bedford, 3 Pet. 446, 447, 7 L. Ed. 732; U. S. v. Power, 14 Blatchf. 223, Fed. Cas. No. 16,080.

The demurrer of defendant to the petition of the United States is sustained, and its petition dismissed.