## In re WOLF.

(Circuit Court, M. D. Tennessee, Nashville Division.  April 13, 1911.)

1. ALIENS (§ 67*)—NATURALIZATION—"COURTS OF COMMON-LAW JURISDICTION."

A court of common-law jurisdiction authorized by Rev. St. § 2165 (U. S. Comp. St. 1901, p. 1329), to admit aliens as citizens, need not possess a general common-law jurisdiction, but if any part of its jurisdiction answers that designation it is sufficient. Courts with this jurisdiction are those which have the power to punish offenses, enforce rights, or redress wrongs recognized by the common law, or which, in the determination of the causes they decide, are governed by the principles, rules, and usages of that law. The term "having common-law jurisdiction" is used to distinguish these courts from those which have no jurisdiction save in equity, admiralty, or in matters not involving offenses or rights under the common law. Within this meaning and under the decisions of the state of Tennessee the county courts of that state are not "courts of common-law jurisdiction," having authority to admit aliens to citizenship.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 131–137; Dec. Dig. § 67.*]

2. ALIENS (§ 68*)—NATURALIZATION—PROCEEDINGS.

A petition for naturalization not verified by affidavits of two citizens will be dismissed, with costs, but without prejudice to the right of the petitioner to file a new application.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 142; Dec. Dig. § 68.*]

Application by Max Wolf for naturalization.  Dismissed, without prejudice.

A. M. Tillman, U. S. Atty., for the United States.

### On Final Hearing.

SANFORD, District Judge.  The petitioner appears to be a person of good moral character and otherwise qualified to be admitted as a citizen of the United States, but the government insists that while this is true he is yet not entitled to naturalization because one of the two affiants who verified his petition for naturalization is not, it is urged, a citizen of the United States.

Section 4 of the naturalization act of June 29, 1906, c. 3592, 34 Stat.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

596 (U. S. Comp. St. Supp. 1909, p. 479), requires that the petition for naturalization "be verified by the affidavits of at least two credible witnesses, who are citizens of the United States." The objection raised is that one of these affiants, the witness Goldstein, is shown not to be a citizen of the United States, because he is alien born and has not, as the government insists, become a naturalized citizen of the United States. It appears from the proof that this witness was naturalized before the passage of the act of 1906 by the county court of Davidson county; and the contention is that the said county court was not a court which was authorized to naturalize aliens under the law as it then existed.

By section 2165 of the Revised Statutes (U. S. Comp. St. 1901, p. 1329), which was in force at the time these naturalization proceedings were had in the county court, it was provided that aliens might be admitted as citizens of the United States by "a court of record of any of the states having common-law jurisdiction, and a seal and clerk." The government contends that the county court of Davidson county, while a court of record having a seal and clerk, is not a court of "common-law jurisdiction" within the meaning of this statute, and hence had no jurisdiction to naturalize the witness.

[1] It is well settled that to constitute a court one of common-law jurisdiction within the meaning of this section of the Revised Statutes, it is not necessary that it should be one possessing a general common-law jurisdiction, but that if any part of its jurisdiction answers that designation the requirement of the statute is fulfilled. United States v. Power, 14 Blatchf. 223, Fed. Cas. No. 16,080; Ex parte Tweedy (D. C., W. D. Tenn.) 22 Fed. 84; United States v. Lehman (D. C.) 39 Fed. 49; Levin v. United States (8th Circuit) 128 Fed. 826, 63 C. C. A. 476. In the last-named case the Circuit Court of Appeals for the Eighth Circuit said:

"Courts having common-law jurisdiction, within the meaning of this section, are those which have the power to punish offenses, to enforce rights, or to redress wrongs recognized by the common law, or which, in the determination of the causes which they decide, are governed by the principles, rules, and usages of that law. The term 'having common-law jurisdiction' is used to distinguish these courts from those which have no jurisdiction save in equity, in admiralty, or in matters not involving offenses or rights under the common law. U. S. v. Lehman (D. C.) 39 Fed. 49, 50; Parsons v. Bedford, 3 Pet. 446, 447, 7 L. Ed. 732; In the Matter of Martin Conner, 39 Cal. 98, 101, 2 Am. Rep. 427; People ex rel. v. McGowan, 77 Ill. 644, 20 Am. Rep. 254. Courts which have some common-law jurisdiction are courts having common-law jurisdiction, and it is not indispensable to the qualification of a court under this act of Congress that it should have all the common-law jurisdiction, or even that it should have general common-law jurisdiction. Ex parte Tweedy, 22 Fed. 84; In the Matter of Martin Conner, 39 Cal. 98, 101, 2 Am. Rep. 427; U. S. v. Power. 14 Blatchf. 223, Fed. Cas. No. 16,080, 27 Fed. Cas. 607, 608; Ex parte Gladhill, 8 Metc. (Mass.) 168, 170."

Applying this test to the jurisdiction of the county court of Davidson county, I am of the opinion that it cannot properly be said to be a court of common-law jurisdiction.

It is well settled that in Tennessee the county court is one of very limited jurisdiction, restricted to the express provisions of the statutes. Young v. Shumate, 3 Sneed, 369; Dean v. Snelling, 2 Heisk.

484. Without setting out all the powers conferred by statute upon the county court—under which it is given original jurisdiction in the probate of wills, the granting of letters testamentary and of administration, the appointment and removal of guardians, the allotment of dower and over bastardy and bastards, and other matters, and concurrent jurisdiction with the circuit and chancery courts in the partition and distribution of the estates of decedents and the settlement of insolvent estates (Code, § 4201, Shannon's [Tenn.] § 6027)—it may be said, generally, that none of the matters in which it is given jurisdiction are matters coming within the jurisdiction of common-law courts as they existed at the common law, and, further, that in the exercise of its jurisdiction in these matters it does not follow the common-law procedure, but proceeds as a court of equity.

In Young v. Shumate, supra (3 Sneed, 369, 371) the Supreme Court of Tennessee stated that the jurisdiction of the county court was very limited in its extent and "of an equitable nature"; this statement being cited with approval in Dean v. Snelling, supra (2 Heisk. 484, 487). And in Caruthers' History of a Lawsuit (4th Ed.) 11, it is said that the county court in Tennessee "is not a court of common-law jurisdiction," and "can only exercise such jurisdictional powers as are expressly given by statute."

In Ex parte Tweedy, supra ([D. C.] 84 Fed. 84), it was held by Judge Hammond that the probate court of Shelby county, Tenn., although having jurisdiction to allot dower and partition estates and over bastardy and bastards, was not a court having common-law jurisdiction within the meaning of section 2165 of the Revised Statutes. And while in the matter of Martin Conner, supra (39 Cal. 98, 2 Am. Rep. 427), it was held that the county courts of California were courts of common-law jurisdiction within the meaning of the naturalization acts, this decision is inapplicable to the present case, since under the statutes of California the county courts were specifically given jurisdiction in various matters of common-law cognizance, both of a civil and criminal nature.

Under these authorities, and for these reasons, I am therefore constrained to hold that the county court of Davidson county is not a court of common-law jurisdiction, within the meaning of section 2165 of the Revised Statutes, and that hence the naturalization of the witness Goldstein was void for want of jurisdiction in the court.

[2] It therefore follows that the petition for naturalization in this case was not verified by the affidavits of two citizens of the United States, as required by the naturalization act, and must therefore be dismissed, with costs; but this dismissal will be without prejudice to the right of the petitioner to file a new application for naturalization.