### COLUMBIAN NAT. LIFE INS. COMPANY v. GOLDBERG.

#### No. 9464.

Circuit Court of Appeals, Sixth Circuit.

Aug. 31, 1943.

Bailey Aldrich, of Boston, Mass. (C. J. Hoyt, of Youngstown, Ohio, and Bailey Aldrich and F. H. Nash, both of Boston, Mass., on the brief), for appellant.

W. P. Barnum, of Youngstown, Ohio, (W. P. Barnum and Louis Gelbman, both of Youngstown, Ohio, on the brief), for appellee.

Before HICKS, HAMILTON, and MARTIN, Circuit Judges.

MARTIN, Circuit Judge.

The appellee, Abraham Goldberg, filed on December 11, 1939, a declaratory judgment suit in the Common Pleas Court of Mahoning County, Ohio, against appellant, The Columbian National Life Insurance Company, a Massachusetts corporation. On the petition of appellant, the cause was removed to the United States District Court for the Northern District of Ohio.

The appellant insurer issued on March 22, 1922, an ordinary life policy insuring the life of appellee for forty thousand dollars. This policy contained a waiver-of-premium clause, which provided: "If after one year's premium shall have been paid on this Policy and before default in the payment of any subsequent premium' the Insured shall furnish to the Company due proof that, before attaining the age of sixty, he has become wholly disabled by bodily injury or disease so that he is and thereby will be permanently and continuously unable to engage in any occupation whatever for remuneration or profit, and that such disability has existed continuously for not less than sixty days prior to the furnishing of proof, thereupon the Company will, by endorsement hereon, waive the payment of the premiums which thereafter may become due under this Policy during the continuance of the said total and permanent disability of the Insured. In making any settlement under this Policy the Company shall not deduct any part of the premium so waived, and the values in the above table shall increase from year to year in the same manner as though any premium waived under this provision had been paid in cash."

The petition in the declaratory judgment suit prayed an adjudication that appellee had become wholly disabled and thereby permanently and continuously unable to engage in any occupation whatever for remuneration and profit since July 1, 1938; that he was born on December 15, 1880, and that for the purpose of the policy, that date, rather than December 15, 1878, which was his birthday stated in the policy, determine his age; and that he is entitled to the benefits of the waiver-of-premiums provisions and is not obligated to pay any premiums. The petition concluded with a prayer for general relief.

In answer, appellant pleaded statutory limitation in bar, and laches and estoppel, but the main defense set up was that appellee had not become wholly and permanently disabled within the terms of the policy prior to attaining the age of sixty.

By stipulation of the parties, a trial by jury was waived and the case went to trial to the United States District Judge on June 3, 1942. Several witnesses, including the appellee, testified and much documentary evidence was introduced.

The District Court found that the cause of action had accrued within ten years preceding commencement of the action and was, therefore, not barred; and that the appellee had not been guilty of laches and was therefore not estopped. Upon the main issue, the District Court found that the "plaintiff was born on December 15, 1878; that on July 1, 1938, plaintiff became wholly disabled by bodily disease so that he is and has been since said July 1, 1938, permanently and continuously unable to engage in any occupation whatever for remuneration or profit; and that plaintiff furnished defendant written proof of said disability, as required by said policy, on July 1, 1939."

The District Court concluded, as a matter of law, that the plaintiff [the appellee] "is entitled to all of the benefits provided for under that portion of the policy entitled 'Waiver of Premiums,'" and that he "is

and has been since July 1, 1938, entitled to all the benefits and provisions" of the policy. It was further decreed that "judgment be and is hereby rendered in favor of plaintiff as against defendant, as above set forth," and that costs be taxed against the defendant. The appellant excepted to all of the "findings, judgments, orders and decrees" of the District Court.

Prior to entry of the foregoing findings of fact, conclusions of law, and judgment, the District Court filed on August 11, 1942, a memorandum opinion which, in view of the argument at bar, will be quoted in part to reveal the reasoning upon which the court found that December 15, 1878, was the date of birth of the appellee:

"As to the date of birth, the evidence is in hopeless conflict. The plaintiff is illiterate. He is unable to read except in a most limited way. He left home at an early age and came to this country before he was of legal age. There is no authentic and controlling proof as to his date of birth. The various records of important events in the plaintiff's life show different ages or dates of birth. It seems to the court that such variation was due to the general uncertainty and to the plaintiff's illiteracy rather than to any evil design or disregard for truth. The age asserted by the plaintiff was supported by the evidence of his older brother. The best piece of documentary evidence was no doubt the record of naturalization. If an administrative agency had to establish the date of birth, it would probably be guided by that record rather than by the record of any other event. The policy sued on in this action, however, established the date December 15, 1878. Plaintiff, in the petition, asked reformation to show a later date of birth, and the defendant contends for the establishment of an earlier date of birth. There is no consistency in the evidence on either side. The plaintiff's evidence shows different dates and so does the evidence of the defendant. In spite of the doubts as to the date named in the policy, the court is not supplied with clear and convincing proof as to any other date. In this set of circumstances the court feels constrained to allow that date to stand which the parties accepted when the policy was made. It is the opinion of the court that the rights of the parties should be controlled by the date given in the policy. The insurance company knew or should have known the limits of the plaintiff's knowledge and his want

of education at the time of issuing the policy. It should have satisfied itself then as to the correct age.

"Measuring from the date of birth given in the policy, the disability established by the evidence occurred prior to the plaintiff's sixtieth birthday."

There would seem to be no occasion for a review of the confusing and conflicting evidence. As stated by the District Judge, the appellee's claim that he had not reached sixty years in age on July 1, 1938, was supported by the testimony of his elder brother. This was substantial evidence and there was other substantial evidence to the same effect, though contradictory of documentary evidence in his naturalization record and of certain other documents. This court is not concerned with the preponderance of the evidence. Findings of fact of a district court must not be set aside, unless clearly erroneous. Federal Rules of Civil Procedure rule 52(a), 28 U.S.C.A. following section 723c. It is true that in cases cited by appellant it has been held that records in naturalization proceedings cannot be collaterally impeached. Bell v. State of Ohio, 7 Ohio App. 185; United States v. Nechman, D.C.E.D.Mich., 183 F. 788; United States v. Aakervik, D.C.Or., 180 F. 137. In the Ohio case, the naturalization record which was held not subject to collateral attack was introduced to show the qualification of a grand juror to sit on the grand jury which returned the indictment in a criminal case. In the two Federal District Court cases cited, the proceedings were for revocation and annulment of citizenship, granted in previous naturalization proceedings in state courts. These three decisions do not support the argument that, in a controversy in which no question of citizenship is involved, the record in naturalization proceedings must be deemed to have established for all purposes the birth date of a naturalized citizen.

In two other Federal District Court cases cited by appellant, determinative weight was accorded to the statements of age made in their respective sworn petitions for naturalization by the persons insured. New York Life Ins. Co. v. Sikov, D.C.W.D. Pa., 33 F.Supp. 115; Metropolitan Life Ins. Co. v. Brown, D.C.Mass., 45 F.Supp. 728. In the New York Life case, there was no controverting proof offered by the insured against the sworn statement of age in his petition for naturalization, which was in-

troduced in evidence. Facts were also found justifying the cancellation of reinstatement of the policy for fraud of the insured. In the Metropolitan case, in view of conflicting records, the court encountered difficulty in determining the true age of the insured; and reached the conclusion that the petition for naturalization was "the most persuasive of all the evidence." Neither of these cases is authority for appellant's contention that the date of birth of the insured, as shown by naturalization records, is conclusive against all other evidence.

Appellant concedes in its brief that "no issue is made on this appeal of the finding of disability as of July 1, 1938, the evidence being in conflict upon that point, and there being sufficient evidence to warrant a finding of disability." In challenging the correctness of December 15, 1878 as the date of birth of appellee, as stated in the policy of insurance, the appellant insurer carries the burden of proving that the insured had attained the age of sixty before he became wholly and permanently disabled. Such is our deduction from the Ohio decisions; and Ohio law must govern upon the point. Mumaw v. Western & Southern Life Ins. Co., 97 Ohio St. 1, 119 N.E. 132; Washington Fidelity Nat. Ins. Co. v. Lacey, 45 Ohio App. 104, 186 N.E. 751. The third syllabus in the Mumaw case demonstrates that the burden of proving a breach of warranty by the insured is upon the insurer. In Washington Fidelity National Ins. Co. v. Lacey, 45 Ohio App. 104, 186 N.E. 751, 752, the sixth syllabus states that the "burden rests on life insurer to clearly prove that answer in application that insured had never consulted physician with reference to any ailment was willfully false, fraudulently made, material, induced issuance of policy, and that agent had no knowledge of falsity or fraud (General Code, § 9391)."

Inasmuch as the burden of proof rested upon appellant to show that appellee had attained the age of sixty before he became totally and permanently disabled, and inasmuch as there was substantial evidence to the contrary which supported the finding of fact of the District Court, that finding, not being clearly erroneous, is binding on this appeal.

The appellant contends, however, that this action brought by the insured appellee is premature for the reason that no premiums were due under the policy at the time suit was filed on December 11, 1939, the next annual premium thereafter not becoming due until March 22, 1940; that the appellee is not entitled to the waiver of the premium which became due after the date of his total disability on July 1, 1938, but before his proof of claim was made on July 1, 1939, or to the waiver of any premium accruing after the filing of his suit; and that the court cannot decree that the appellee is entitled to the waiver of premiums accruing in the future.

The position of appellant in demanding dismissal of the action on the basis of these contentions is not well grounded. This is not an action for a money judgment, but is a declaratory judgment suit brought to resolve a controversy between an insured and an insurance company as to whether the insured became totally and permanently disabled; and, if he did, whether he became so before attaining the age of sixty, thereby becoming entitled to the benefits of the waiver-of-premiums clause of the policy.

The two important issues of fact raised by the pleadings were: first, had the assured become totally and permanently disabled on July 1, 1938, within the definition of the policy; and, second, had he attained the age of sixty before that date. Both these crucial issues of fact were decided by the District Court in favor of the insured appellee upon conflicting but substantial evidence.

Before his action was brought, the insurance company had repudiated its liability to the appellee for fulfillment of its promise to waive the payment by him of life insurance premiums upon the occurrence of his total and permanent disability prior to his sixtieth birthday. Upon principles elucidated in Ætna Life Ins. Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000, the appellee had the right to maintain a declaratory judgment suit against the appellant insurer. Here, as there, upon repudiation by the insurer of any liability to the insured for allowance of disability benefits asserted to be justly due the latter, the insured had such interest in the preservation of his contract rights under the policy as would maintain his suit in equity "to declare them still in being." The comment of Chief Justice Hughes, 300 U.S. 227 at page 243, 57 S.Ct. at page 465, 81 L.Ed. 617, 108 A.L. R. 1000, of the opinion, is pertinent here: "If the insured made good his claim, the decree establishing his right to the dis-

ability benefits, and to the continuance of the policies in force during the period of the proved disability, would be none the less final and conclusive as to the matters thus determined even though a different situation might later arise in the event of his recovery from that disability and his failure after that recovery to comply with the requirements of the policies. Such a contention would present a distinct subject matter."

New York Life Ins. Co. v. Viglas, 297 U.S. 672, 678, 56 S.Ct. 615, 80 L.Ed. 971, does not gainsay the right of appellee to maintain the instant declaratory judgment suit. In the Viglas case, it was held that upon the facts declared in the complaint the insurer had not repudiated the obligations of the contract, but had merely committed a breach for which it was answerable in damages.

Mutual Life Ins. Co. of New York v. Moyle, 4 Cir., 116 F.2d 434, 435, is not considered in point; for, in that case, the Court of Appeals recognized the distinction between a controversy relating to the *validity* of an insurance policy and one concerning *liability of the insurer for disability benefits which have accrued to the insured*. The ground of dismissal of the action was that the Federal Court lacked jurisdiction, there being less than the essential jurisdictional amount involved. The emphasis placed by appellant upon this authority appears inconsistent, in view of the fact that the averment of its petition for removal was that, if required to waive the premiums, the insurer would suffer a loss in excess of three thousand dollars, exclusive of interest and costs. The reckoning in the petition for removal was based upon the waiver of some seventeen thousand dollars of premiums, calculated upon the basis of the life expectancy of the assured, the immediate necessity for the establishment of cash reserves of some seven thousand dollars against the policy, and the payment upon assured's death of forty thousand dollars, the face amount of the policy: all of which were charged to be amounts in controversy in the action.

In Ballard v. Mutual Life Ins. Co. of New York, 5 Cir., 109 F.2d 388, 389, an insurer sought relief by a declaratory judgment action from the claim of its insured that he was entitled to receive disability payments and, without payment of premiums, to have his policies maintained in force under disability provisions. The in-sured was only forty-two years of age, and had a reasonable life expectancy of many years. The life insurance policies had been issued respectively for five thousand dollars and ten thousand dollars, and each policy provided for disability payments at the rate of ten dollars per month for each one thousand dollars of insurance. The Court of Appeals considered the amount in controversy to be the value of the claim which the insurance company sought to have cancelled, and this value was held to exceed three thousand dollars.

In the case at bar, the annual premium to be paid under the policy is $1,141.-20. The premiums to be waived on the basis of a reasonable life expectancy for the insured are much in excess of three thousand dollars, exclusive of interest and costs. Since July 1, 1939, when appellee furnished appellant with written proof of his disability, the total amount of the premiums required to be paid under the policy already exceeds the sum of three thousand dollars; and the insured yet lives. The United States District Court possessed jurisdiction to enter the declaratory judgment.

The appellant is correct in its position that, under Ohio law, the appellee is not entitled to the waiver of any premiums which became due before July 1, 1939, when he first furnished to the insurer proof of his total and permanent disability. See Western & Southern Life Ins. Co. v. Smith, 41 Ohio App. 197, 180 N.E. 749. The same would be true if Federal law governed. Bergholm v. Peoria Life Ins. Co., 284 U.S. 489, 52 S.Ct. 230, 76 L.Ed. 416.

But the appellee is entitled to the waiver of all premiums becoming due after July 1, 1939, so long as he remains wholly disabled by bodily injury or disease from permanently and continuously engaging in any occupation whatever for remuneration and profit. Upon the present state of the pleadings, he is entitled to no money judgment. Indeed, no such judgment has been prayed.

With the modification that the appellee is entitled to all the disability benefits of the policy, not from the time he became totally and permanently disabled on July 1, 1938, but from the date of the proof of disability on July 1, 1939, and insofar as not otherwise inconsistent with the law of the case as declared in this opinion, the judgment of the District Court is affirmed.