Richard B. KECK, Plaintiff,

v.

**FIDELITY AND CASUALTY COMPANY
OF NEW YORK, Defendant.**

No. 65 C 174.

United States District Court
N. D. Illinois, E. D.

July 2, 1965.

William J. Costello and John J. Enright, Arvey, Hodes & Mantynband, Chicago, Ill., for plaintiff.

Donald N. Clausen and Jacob T. Pincus, Clausen, Hirsh, Miller & Gorman, Chicago, Ill., for defendant.

DECKER, District Judge.

This is a motion to dismiss the complaint for failure to meet the $10,000 jurisdictional amount required in diversity actions under 28 U.S.C. § 1332, and for failure to state a claim upon which relief can be granted.

Plaintiff insured sues on a health and accident insurance policy which, in relevant part, provides the following benefits:

(1) If plaintiff becomes totally disabled, he receives $50 per week for up to 200 weeks;

(2) If plaintiff is totally disabled for 200 consecutive weeks and is totally and permanently disabled at the end of 200 weeks, he receives a lump sum payment of $30,000;

(3) Lesser payments for partial disability are provided.

Plaintiff, following an accident, received thirty-six weekly $50 payments for total disability. Defendant insurance company then discontinued the $50 weekly payments and commenced paying plaintiff partial disability benefits amounting to $37.50 weekly, claiming that he was no longer totally disabled. Plaintiff accepted those payments, but now sues for the difference between what he has received to date and what he would have received under the total disability provisions. He also seeks a declaratory judgment that he is entitled to total disability benefits for the remain-

der of the 200 weeks. Neither of these claims, nor both taken together, amount to $10,000, and thus they will not support jurisdiction of this Court.

However, plaintiff also seeks a declaratory judgment that he

" * * * is now, and will continue to be at the conclusion of such 200 weeks and for the remainder of his life, totally and permanently disabled, * * * and that plaintiff is, and can and will become, eligible for the $30,000.00 total and permanent disability benefit provided by the contract of insurance."

If the claim for $30,000 can be heard and decided by this Court, the jurisdictional amount has been met. A suit for a declaratory judgment under 28 U.S.C. § 2201 can be heard only if there is an "actual controversy." The cases involving the problem consistently turn on the distinction between suits based on total repudiation or denial of the validity of a contract, on the one hand, and suits for payments under provisions of a contract still valid and in force. Professor Moore clearly summarizes this point:

"The cases have held that in a suit to recover payments, future installments are not directly involved, and therefore may not be counted in the amount in controversy. Nor may the reserve for future payments, which the insurer would have to set up if the insured prevailed, be counted in the amount in controversy. And in a suit for a declaratory judgment on the question of the insured's continuing disability, the future liability of the insurer may not be counted in the jurisdictional amount.

"On the other hand, where the question is not the disability of the insured, but the validity of the policy itself, then the total value of the policy may be counted in the amount in controversy in suits, for example, to reinstate a policy, to cancel it, or to enjoin its cancellation." 1

Moore, Federal Practice ¶ 0.93[5.-2], at pp. 854–56.

A sample of the case law will illustrate the distinction. In Bell v. Philadelphia Life Ins. Co., 78 F.2d 322 (4th Cir. 1935), plaintiff insured sued for a declaratory judgment that a $10,000 policy had not lapsed for non-payment of certain premiums as the insurer had claimed. The Court held that the validity of the entire policy was in issue, not merely certain benefits under it; the "actual controversy" involved the policy itself, and therefore its face value determined the jurisdictional amount. The same rule was followed in Ballard v. Mutual Life Ins. Co. of New York, 109 F.2d 388 (5th Cir. 1940), where the insurer sued for a declaratory judgment that certain policies were not in force.

In contrast, in Mutual Life Ins. Co. of New York v. Moyle, 116 F.2d 434 (4th Cir. 1940), plaintiff insurance company sued for a declaratory judgment that it was no longer liable under a disability policy because the insured was no longer disabled under the terms of that policy. The Court held that the only controversy in the case was over payments then due, and did not involve claims to future payments under a policy admitted to be valid. The Court said (at page 435):

"We think it clear that all that is in controversy is the right of the insured to the disability payments which had accrued at the time of suit. The company is obligated to make these payments only so long as the condition evidencing total and permanent disability continues; and, as this condition, theoretically at least, may change at any time, it is impossible to say that any controversy exists as to any disability payments except such as have accrued. New York Life Ins. Co. v. Viglas, 297 U.S. 672, 56 S.Ct. 615, 80 L.Ed. 971; New York Life Ins. Co. v. Stoner, 8 Cir., 92 F.2d 845; United States Fidelity & Guaranty Co. v. McCarthy, 8 Cir., 33 F.2d 7, 13, 70 A.L.R. 1447; Metropolitan Life Ins. Co. v. Hobeika, D.C., 23 F.Supp. 1;

Small v. New York Life Ins. Co., D.C., 18 F.Supp. 820. Such a case is to be distinguished from one where the controversy relates to the validity of the policy and not merely to liability for benefits accrued; for, in the latter case, the amount involved is necessarily the face of the policy in addition to the amount of such benefits. See Stephenson v. Equitable Life Assur. Soc., 4 Cir., 92 F.2d 406; Bell v. Philadelphia Life Ins. Co., 4 Cir., 78 F.2d 322; Pacific Mutual Life Ins. Co. of California v. Parker, 4 Cir., 71 F.2d 872."

The same result was reached in Commercial Casualty Ins. Co. v. Fowles, 154 F.2d 884, 165 A.L.R. 1068 (9th Cir. 1946), in which plaintiff insured attempted to include "future benefits" to reach the jurisdictional amount in a suit on a disability policy. The Court said (at page 886):

"Obviously, no right to such 'future benefits' existed at the time the action was commenced. No one, at that time, knew or could have known whether such a right would ever exist. Therefore, as to such 'future benefits,' there was and could have been, at that time, no controversy."

In Bree v. Mutual Benefit Health and Accident Ass'n, 182 F.Supp. 181 (E.D.Pa. 1959), the rule was again applied.

I have found only one case which departs from this clear pattern: Columbian National Life Ins. Co. v. Goldberg, 138 F.2d 192 (6th Cir. 1943). In that case, the insured sued for a declaratory judgment to establish that he was released from paying premiums under the terms of a disability policy because he had become totally disabled. The insurance company denied the insured's disability and his release from the duty to pay premiums; the validity of the policy was not questioned. Only the facts underlying plaintiff's claim were challenged: his age and disability. The Court found an "actual controversy" in that case, relying on Aetna Life Ins. Co. of Hartford, Conn., v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617 (1937). Reliance

on *Aetna* seems misplaced, however, since *Aetna* involved the question of whether an entire insurance policy had lapsed. The Supreme Court found an "actual controversy" there, a decision wholly consistent with the line of cases reviewed above.

*Goldberg* seems contrary to the cases which find no "actual controversy" over future benefits. It cannot reasonably be distinguished on its facts since the issue in it was whether certain premiums were to be waived, which could have occurred only on certain future contingencies. The case seems to hold that any denial of liability by an insurer on any portion of an insurance contract is sufficient to raise a controversy which can be resolved under the Declaratory Judgment Act, an approach which leaves few cases which cannot be so heard. I think the Act and the cases draw a sharper line than that suggested by *Goldberg*, a case which must be regarded as a deviation in this area of the law.

It is clear that the issue in these cases is whether, in the words of the Act, there is an "actual controversy" between the parties. In a case such as *Moyle*, in which the claim is for future benefits only, the insurer does not deny his liability under the conditions stated in the contract; he only denies that the conditions have then been satisfied. He does not, and cannot, contest his liability for future benefits because he cannot foresee the future.

On the other hand, where the contract's validity is in issue, the insurer denies that he owes or ever will owe anything under the contract. A real controversy exists between him and the insured who still claims future benefits will be due.

The distinction between the two lines of cases is further sharpened by the differences in impact and basis of declaratory judgments in each. In the case of future benefits, although it is possible for a Court to say something about a present right to receive benefits in the future under certain conditions—essentially a restatement of the contract's terms—it

cannot finally determine the right to future benefits because it has none of the necessary future facts. Future lawsuits will almost certainly ensue with respect to the same right, and the present declaratory judgment is of relatively little value.

In a suit on a contract's validity, however, the Court can make a declaration which has some direct, immediate and significant impact on the rights and duties of the parties because the Court has before it all of the facts necessary for a final resolution of the issues facing it. Future facts need not be divined; flowering of the right need not await another day, or another lawsuit.

■ Plaintiff here clearly claims a future benefit. Because this is not the kind of matter which this Court can hear under the Declaratory Judgment Act, it cannot be included in plaintiff's claim. Without this part of his claim, plaintiff does not allege a sufficient amount in controversy to support jurisdiction of this Court, and therefore the complaint must be dismissed.

An order will be entered this day granting defendant's motion to dismiss the complaint.