## CITY OF FORSYTH et al. v. MOUNTAIN STATES POWER CO.

No. 9990.

Circuit Court of Appeals, Ninth Circuit.

April 27, 1942.

Rehearing Denied May 25, 1942.

H. V. Beeman, of Forsyth, Mont., Kyle & Kyle, of St. Paul, Minn. (Poppenhusen, Johnston, Thompson & Raymond, of Chicago, Ill., of counsel), for appellants.

Toomey, McFarland & Chapman, E. G. Toomey, and Gunn, Rasch & Gunn, all of Helena, Mont., for appellee.

Before GARRECHT, HANEY, and HEALY, Circuit Judges.

HANEY, Circuit Judge.

From a judgment on the pleadings enjoining appellant City of Forsyth from in any way interfering with appellee's electric plant in such city, enjoining construction of a plant by appellant Fairbanks, Morse & Company, hereafter called the company, declaring that appellee had a valid franchise for the maintenance and operation of its plant in the city, and declaring a contract between the city and the company to be invalid, this appeal was taken.

Appellee owns an electric plant in the city which serves the city and inhabitants thereof. The city entered into a contract with the company for construction of a competing system by the company to be paid for from earnings, construction to begin, however, only upon ouster of appellee from operation in the city. Appellee sought to forestall ouster, and construction of the proposed plant by this action.

Appellee alleged in its complaint that it was a Delaware corporation, that the city was a Montana municipal corporation, that the company was an Illinois corporation, and that the matter in controversy exceeded, exclusive of interest and costs, the sum of $3,000. It further alleged that the city published a notice to bidders stating that the city at a specified time would receive, open and consider bids for the construction of a light, heat and power plant described in specifications on file with the city clerk; that the specifications provided that the bid accepted was subject to the approval of the taxpayers at an election and that the city would promptly institute legal proceedings to have it declared by a judgment of a court of competent jurisdiction that appellee had no right to use or occupy the streets, alleys or public grounds of the city and that appellee was required to remove all its equipment therefrom.

It was also alleged that the city accepted the bid of the company, and that at an election thereafter held, the proposed contract between the city and the company was approved by a majority of the voters; that the city had no power or authority to enter into the proposed contract, and if it did enter into such contract, it "will become a competitor of [appellee] and take from [appellee] many of its customers and patrons, to its great and irreparable damage and injury". In addition it was alleged that appellee had a franchise conferred by a Montana statute, that the proposed contract was void for reasons other than a

lack of power in the city to enter into it, and that appellee "is and has been for several years a large taxpayer upon real and personal property" in the city.

Appellants by answer denied: that the matter in controversy exceeded, exclusive of interest and costs, the sum of $3,000; that the city had no power or authority to enter into the proposed contract; that if it entered into the contract it would become a competitor of appellee and take from appellee many of its customers and patrons, to its great and irreparable damage and injury; that appellee had a franchise conferred by a Montana statute; that the proposed contract was void for the reasons alleged in the complaint; and that appellee was and had been for several years a large taxpayer upon real and personal property in the city. Appellants admitted that appellee was and had been engaged in the operation of its electric plant and system in the city and the facts covering the publication of the notice to bidders, the acceptance of the bid and the approval of the contract at the election.

Appellee then moved the court below "for judgment in its favor on the pleadings because the answer fails to state any defense in law or in fact to the cause of action stated in the complaint". The court below sustained the motion and entered the judgment referred to above.

■ Appellants contend that the court below had no jurisdiction of the action. The opposing arguments are directed to the question: What is the matter in controversy? Whether or not dismissal of the action was compelled by the rule that upon a motion for judgment on the pleadings, denials in the answer must be taken as true (Beal v. Missouri Pacific R. Co., 312 U.S. 45, 61 S.Ct. 418, 85 L.Ed. 577) is not argued and we express no opinion thereon.

■ The general allegation that the matter in controversy exceeded $3,000, is sufficient unless so qualified by others that the complaint shows on its face that the court must dismiss the action sua sponte, or unless such general allegation is denied by the answer. Gibbs v. Buck, 307 U.S. 66, 72, 59 S.Ct. 725, 83 L.Ed. 1111 and cases cited. If denied, the burden of proof is on plaintiff to sustain the allegation. Buck v. Gallagher, 307 U.S. 95, 102, 59 S.Ct. 740, 83 L.Ed. 1128; KVOS, Inc., v. Associated Press, 299 U.S. 269, 278, 57 S.Ct.

197, 81 L.Ed. 183; McNutt v. General Motors, etc., Corp., 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135. Since the general allegation was denied herein, and there was nothing to support the general allegation, appellee failed to carry its burden.

█ We may assume that if there had been no general allegation, there might be facts alleged showing the value of the matter in controversy which would be sufficient. Appellants contend that the matter in controversy is appellee's alleged right to continue in operation free of interference by appellants. Appellee contends that the matter in controversy "is the value to the appellee of its alleged franchise and the value to the appellants of the contract for the construction of a municipal plant, at a cost of $169,969.00". It is unnecessary to decide which of these contentions is correct because there is no allegation of any kind stating or showing the value of any of such rights. Therefore jurisdiction does not affirmatively appear within the rule that "the jurisdiction of a federal court must affirmatively and distinctly appear and cannot be helped by presumptions or by argumentative inferences drawn from the pleadings". Norton v. Larney, 266 U.S. 511, 515, 45 S.Ct. 145, 147, 69 L.Ed. 413.

Other questions presented need not be considered.

The judgment is reversed and the cause is remanded to the court below with directions to dismiss the complaint for want of jurisdiction.