## TROY LAUNDRY CO. v. LOCKWOOD et al.
### No. 4550–Y.

District Court, S. D. California,
Central Division.

Sept. 18, 1945.

Hill, Morgan & Farrar, C. H. Gould, and Jack W. Hardy, all of Los Angeles, Cal., for plaintiff.

Charles H. Carr, U. S. Atty., and Ronald Walker and Mildred L. Kluckhohn, all of Los Angeles, Cal., for defendants.

YANKWICH, District Judge.

The motion of the defendants to dismiss the amended complaint, and the motion of the plaintiff for an injunction, heretofore argued and submitted, are now decided as follows:

The amended complaint is dismissed without leave to amend.

The temporary restraining order heretofore issued on June 15, 1945, is dissolved and an injunction is denied.

In view of the nature of the controversy, and because the court feels that not only does the complaint not state a claim, but that no claim can be stated by the plaintiff which is cognizable in this court (Federal Rules of Civil Procedure, rule 12(b) (1, 2 and 6, 28 U.S.C.A. following section 723c), its conclusions are stated briefly.

I am of the view that the complaint is an attempt to by-pass an administrative process, of the type which we have on many occasions rejected, when attempted as to other Acts. Myers v. Bethlehem Corporation, 1938, 303 U.S. 41, 51, 58 S.Ct. 459, 82 L.Ed. 638. And see my opinions in Northrop Corporation v. Madden, D. C., 1937, 30 F.Supp. 993; Redlands Foothill Groves v. Jacobs, D. C., 1940, 30 F.Supp. 995.

The National War Labor Board having power to issue a subpoena, there can be no judicial interference with it upon the ground that the power might be abused by those conducting the investiga-tion. It is undeniable that the power to investigate wage increases in aid of the Stabilization Act of 1942 is lodged in the Board. This implies the power to subpoena documents in order to determine whether a violation of law has occurred. (Sec. 7(b), War Labor Disputes Act, 50 U.S.C.A. Appendix, § 1507(b); War Stabilization Act of 1942, 50 U.S.C.A.Appendix, § 961 et seq.; Executive Order 9250, 50 U.S.C.A.Appendix, § 901 note; Executive Order 9328, Sec. 2, 50 U.S.C.A.Appendix § 901 note; and see Consolidated Mines v. Security Exchange Commission, 1938, 97 F.2d 704; Endicott Johnson Corporation v. Perkins, 1943, 317 U.S. 501, 63 S.Ct. 339, 87 L.Ed 424.

There is also another situation which stands in the way of the jurisdiction of this court. It appears that the subpoena was issued by George W. Taylor, the Chairman of the National War Labor Board, whose office is in Washington, D. C. In the light of the principles discussed by me on repeated occasions, and which have been sanctioned by the higher courts, where an act which is sought to be enjoined derives its sole authority from an officer who is a nonresident of the district, he cannot be reached through his subalterns. Acret v. Harwood, D. C., 1941, 41 F.Supp. 492; Neher v. Harwood, 9 Cir., 1942, 128 F.2d 846. The subalterns in this case are not even members of the board. They are merely members of a local panel of the Enforcement Division of a Regional Board.

There is the added question whether, in reality, this is an adversary proceeding because the plaintiff corporation has sought to enjoin one of its own officers who evidently is willing to comply with the subpoena. See Muskrat v. United States, 1910, 219 U.S. 346, 357, 361, 31 S.Ct. 250, 55 L.Ed 246; Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 1937, 300 U.S. 227, 240, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000. But this defect could be cured by a dismissal as to the particular defendant and would not be fundamental. But other considerations already alluded to and an additional one to be mentioned presently, all call for denial of leave to amend.

The additional fact is this:

It appears on the face of the amended complaint that jurisdiction is grounded on Title 28 U.S.C.A. § 41(1) (a). Clearly the rights which the plaintiff asserts to be infringed by the issuance of the sub-

poena are, if at all, rights arising under the laws and Constitution of the United States. But that, in itself, is not sufficient to give the court jurisdiction. There must exist, in addition, the jurisdictional minimum of $3,000. City of Forsyth v. Mountain States Power Co., 1942, 9 Cir., 127 F.2d 583; and see my opinion in Allen v. Clark, D. C., 1938, 22 F.Supp. 898. The Judicial Code in Section 37, 28 U.S.C.A. 80, makes it the duty of this court to inquire into its jurisdiction. Even if the amended complaint contained a general statement to the effect that the matter in controversy exceeds the sum or value of $3,000, it would not be conclusive of jurisdiction. For the court, in obedience to the mandate of the Judicial Code, can cause an inquiry to be made, in order to determine the truth of the allegation, even in advance of trial. However, a study of paragraph 11 of the amended complaint, which contains the allegation of the amount of the controversy, shows clearly that not only does it not allege directly the jurisdictional minimum, but that the amount is arrived at upon the basis of pure speculation as to the effect of future actions. In effect, it is alleged that if the books which the subpoena seeks are actually produced, and the Board has a right to investigate them, they might make discoveries of facts which might result in penalizing the plaintiff. In other words, the plaintiff does not and cannot allege that it will be injured in the sum of $3,000 by being temporarily deprived of the use of the books while they are being investigated by the agents of the War Labor Board. To give the court jurisdiction, it would be necessary to allege that fact. For no damage would be cognizable in this court, in an action of this character, unless it flowed from the very act complained of, and that is, the issuance of the subpoena. The plaintiff, however, does not complain of that. It says it will be injured more than $3,000 if the board should find certain facts which may be in the books. Clearly, therefore, this allegation falls by the wayside under the ruling of the Supreme Court in McNutt v. General Motors Corporation, 1936, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135; KVOS, Inc. v. Associated Press, 1936, 299 U.S. 269, 57 S.Ct. 197, 81 L.Ed. 183; Thomson v. Gaskill, 1942, 315 U.S. 442, 446, 62 S.Ct. 673, 86 L.Ed. 951. And see, City of Forsyth v. Mountain States Power Co., 1942, 9 Cir., 127 F.2d 583.

Hence the rulings above made.