## COMMERCIAL CASUALTY INS. CO. v. FOWLES.

### No. 11139.

Circuit Court of Appeals, Ninth Circuit.
April 17, 1946.

William J. Madden and Ryan, Askren & Mathewson, all of Seattle, Wash., for appellant.

June Fowles and C. W. Halverson, both of Yakima, Wash., for appellee.

Before MATHEWS, BONE, and ORR, Circuit Judges.

MATHEWS, Circuit Judge.

An action for a declaratory judgment was brought by appellee, Leslie O. Fowles, a citizen of Washington, against appellant, Commercial Casualty Insurance Company, a New Jersey corporation, in the District Court of the United States for the Eastern District of Washington. The action was commenced on October 11, 1944. An amended complaint, hereafter called the complaint, was filed on January 16, 1945. Appellant filed a so-called demurrer and a so-called motion to quash the complaint and the service thereof. The so-called demurrer was overruled, and the so-called motion to quash was denied.[1] Appellant answered, appellee replied, trial was had, and judgment was entered in favor of appellee. From that judgment this appeal is prosecuted.

The question is whether the District Court had jurisdiction over the subject

---

[1] Fowles v. Commercial Casualty Co., D.C.E.D.Wash., 59 F.Supp. 693.

matter of the action. The action was brought under the Federal Declaratory Judgment Act, Jud.Code, § 274d, 28 U.S. C.A. § 400, but it does not follow that the District Court had jurisdiction over the subject matter thereof. The Federal Declaratory Act did not enlarge the jurisdiction of the courts of the United States.[2] It merely provided a remedy for use in cases within their jurisdiction.[3]

[2] The District Court's jurisdiction was invoked on the ground that the matter in controversy exceeded, exclusive of interest and costs, the sum or value of $3,000 and was between citizens of different States.[4] No other ground of jurisdiction was asserted. Admittedly, the matter in controversy was between citizens of different States. What we have to determine is whether it exceeded, exclusive of interest and costs, the sum or value of $3,000. To determine that question, we examine the complaint.

The complaint alleged that on or about May 4, 1937, in consideration of a semiannual premium of $10.20, appellant issued an insurance policy to appellee, and that, by virtue of renewals thereof, the policy was in full force and effect at all subsequent times mentioned in the complaint. A copy of the policy was attached to and made part of the complaint. The policy was dated May 5, 1937. Appellant thereby insured appellee "against loss resulting, directly and independently of all other causes, from accidental bodily injury," as provided in the policy. The policy specified a weekly accident indemnity of $25 and provided:

"Total loss of time. * * * If such injury * * * shall within two weeks from the date of the accident cause continuous total disability, and prevent the insured [appellee] from performing any and every duty pertaining to his occupation, the Company [appellant] will pay him the weekly accident indemnity above specified, for the period of such disability.

"Partial loss of time. * * * If such injury shall, commencing any time within two weeks from the date of accident or immediately following total disability, prevent the insured from performing one or more material duties pertaining to his occupation, the Company will pay one-half of the above specified weekly accident indemnity for the period of such continuous partial disability, but not to exceed a period of 52 consecutive weeks. * * *

"If such injury to the insured shall entitle him to weekly indemnity under the terms of this policy and within 90 days from the commencement of disability shall necessitate treatment and residence in a hospital, the Company will pay, in addition to the indemnity otherwise provided, for a period not exceeding 15 consecutive weeks, during which time the insured shall be necessarily confined in the hospital, the amount for hospital expenses,[5] but not exceeding per week the amount payable hereunder as single weekly indemnity. * * *"

The complaint alleged, in substance and effect, that on April 14, 1943—78 weeks before the action was commenced—appellee sustained accidental bodily injuries which, since that date, had caused him to be continuously and totally disabled and had prevented him from performing any and every duty pertaining to his occupation; that therefore he was entitled to, and had demanded of appellant, the weekly indemnity specified in the policy; and that appellant had refused to pay such indemnity. Thus, in effect, the complaint alleged that at the time the action was commenced, there was due and owing by appellant to appellee $1,950—$25 a week for 78 weeks. It did not appear from the complaint that any other sum was, at that time, due or owing by appellant to appellee.

The complaint alleged that, as a result of his above mentioned injuries, appellee "was immediately thereafter, for a period of 15 consecutive weeks, necessarily confined in hospitals," but did not allege that he incurred any hospital expense. It therefore did not appear from the complaint that appellant owed appellee anything on account of his being confined in hospitals. The most that appellant could have owed on that account was $375—$25 a week for 15 weeks.

[2] Southern Pac. Co. v. McAdoo, 9 Cir., 82 F.2d 121; Ætna Casualty & Surety Co. v. Quarles, 4 Cir., 92 F.2d 321; Utah Fuel Co. v. National Bituminous Coal Commission, 69 App.D.C. 333, 101 F.2d 426; McCarty v. Hollis, 10 Cir., 120 F. 2d 540.

[3] See cases cited in footnote 2.

[4] Jud.Code, § 24(1), 28 U.S.C.A. § 41 (1).

[5] Meaning, obviously, hospital expenses incurred by the insured.

The complaint alleged, in substance and effect, that sums which were not due or owing at the time the action was commenced would thereafter become due and owing by appellant to appellee, and that such sums—which, in the complaint, were spoken of as "future benefits"—would greatly exceed the sum of $3,000.[6]

The complaint prayed for a declaratory judgment—a judgment declaring appellee's rights under the policy. In substance and effect, the complaint alleged and asked the court to hold that appellee's rights under the policy were (1) a right to the sum, admittedly less than $3,000, which was due and owing at the time the action was commenced and (2) a right to the "future benefits" mentioned in the complaint.

Obviously, no right to such "future benefits" existed at the time the action was commenced. No one, at that time, knew or could have known whether such a right would ever exist. Therefore, as to such "future benefits," there was and could have been, at that time, no controversy.[7]

Whether the matter in controversy exceeded, exclusive of interest and costs, the sum or value of $3,000 is determinable as of the time the action was commenced.[8] Therefore, in determining the question, we disregard matters which were not in controversy at that time. We accordingly disregard the "future benefits" mentioned in the complaint.[9]

Appellee contends that the "future benefits" mentioned in the complaint should be regarded as constituting part of the matter in .controversy. In support of the contention, he cites many cases.[10] We have examined them all. All are distinguishable from the case at bar. None is in point. To discuss the cases further would serve no useful purpose. The contention is rejected.

We conclude that the matter in controversy did not exceed, exclusive of interest and costs, the sum or value of $3,000, and that therefore the District Court did not have jurisdiction over the subject matter of the action.

Judgment reversed and case remanded, with directions to dismiss it for want of jurisdiction.

---

6 Those allegations appear to have been based on appellee's life expectancy and the assumption that, throughout his life, he would be continuously and totally disabled and prevented from performing any and every duty pertaining to his occupation.

7 Mutual Life Ins. Co. v. Moyle, 4 Cir., 116 F.2d 434; Mitchell v. Mutual Life Ins. Co., D.C.W.D.La., 31 F.Supp. 441; Travelers Ins. Co. v. Wechsler, D.C.S.D. Fla., 34 F.Supp. 717, 721; Asbury v. New York Life Ins. Co., D.C.E.D.Ky., 45 F.Supp. 513; Button v. Mutual Life Ins. Co., D.C.W.D.Ky., 48 F.Supp. 168; Mutual Life Ins. Co. v. Temple, D.C.W.D. La., 56 F.Supp. 737.

8 Cohn v. Cities Service Co., 2 Cir., 45 F.2d 687; Ford, Bacon & Davis v. Volentine, 5 Cir., 64 F.2d 800. See, also, cases cited in footnote 7.

9 See cases cited in footnote 7.

10 Thompson v. Thompson, 226 U.S. 551, 33 S.Ct. 129, 57 L.Ed. 347; Brotherhood of Locomotive Firemen v. Pinkston, 292 U.S. 96, 55 S.Ct. 1, 79 L.Ed. 219; Ætna Life Ins. Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000; Ginsburg v. Pacific Mutual Life Ins. Co., 2 Cir., 69 F.2d 97; Pacific Mutual Life Ins. Co. v. Parker, 4 Cir., 71 F.2d 872; Bell v. Philadelphia Life Ins. Co., 4 Cir., 78 F.2d 322; Ætna Life Ins. Co. v. Williams, 8 Cir., 88 F. 2d 929; Stephenson v. Equitable Life Assurance Society, 4 Cir., 92 F.2d 406; Mutual Benefit Health & Accident Ass'n v. Fortenberry, 5 Cir., 98 F.2d 570; Ballard v. Mutual Life Ins. Co., 5 Cir., 109 F.2d 388; Columbian National Life Ins. Co. v. Goldberg, 6 Cir., 138 F.2d 192; American General Ins. Co. v. Booze, 9 Cir., 146 F.2d 329; Franzen v. E. I. DuPont DeNemours & Co., 3 Cir., 146 F. 2d 837; Kavourgias v. Nicholaou Co., 9 Cir., 148 F.2d 96.