**TRAILMOBILE CO. v. INTERNATIONAL UNION, UNITED AUTOMOBILE, AIRCRAFT, AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, UAW–CIO, LOCAL NO. 392, et al.**

No. 1482.

District Court, S. D. Ohio, Western Division.

May 31, 1946.

Waite, Schindel & Bayless, Herbert Shaffer, and Philip J. Schneider, all of Cincinnati, Ohio, for plaintiff.

Sol Goodman, of Cincinnati, Ohio, for defendant International Union, United Automobile, Aircraft, Agricultural Implement Workers of America, UAW–CIO, Local No. 392.

Ray J. O'Donnell, U. S. Dist. Atty., of Columbus, Ohio, for Veteran defendants.

DRUFFEL, District Judge.

Plaintiff originally complained under Section 308, Selective Training and Service Act of 1940, as amended, 50 U.S.C.A. Appendix, and among other things alleged

"Plaintiff says that on December 31, 1943, it purchased all of the assets of The Highland Body Manufacturing Company, a corporation duly organized and existing under the laws of the State of Ohio, all of the stock of which corporation plaintiff had owned at all times mentioned herein, and that, pursuant to the terms of said purchase, it assumed and agreed to abide by all of the contracts and obligations of said The Highland Body Manufacturing Company."
and also

"Plaintiff says that The Highland Body Manufacturing Company employed Cecil Walls on the 18th day of April, 1932, and that he continued as an employee of said The Highland Body Manufacturing Company until the 16th day of June, 1942, when he entered the Armed forces of the United States; that he served with the said Armed Forces of the United States until the 3rd

day of February, 1945, when he was honorably discharged from such services; that thereafter, on the 11th day of May, 1945, said defendant, Cecil Walls, entered the employ of The Trailmobile Company, and that he has since been continuously employed by said The Trailmobile Company; that plaintiff brings this suit against defendant, Cecil Walls, individually and as a representative of a class of persons who formerly were employed by The Highland Body Manufacturing Company, and were inducted into the Armed Forces of the United States; who, on termination of their services with the Armed Services of the United States, after being honorably discharged, were employed by The Trailmobile Company, and against all other employees so employed; a detailed list of names with their dates of hiring, induction, and return to the employ of The Trailmobile Company, and their addresses, which is marked "Exhibit C", is attached hereto, and made a part hereof, as if fully rewritten herein; that all such employees constitute a class so numerous as to make it impracticable to name them all as parties defendant herein, but that defendant, Cecil Walls, is fairly representative of the whole of said class of former Highland employees who went into the service of the United States, and who, on their return and discharge from such service, were employed by The Trailmobile Company."
and also

"One Louis J. Hess, a former employee of The Highland Body Manufacturing Company, and who was thereafter transferred to The Trailmobile Company, sued on his behalf and on behalf of all other Highland employees, in the Common Pleas Court of Hamilton County, Ohio, being cause No. A88735 on the docket thereof. [17 Ohio Supp. 39] Said Court determined, in substance, that the Company and the certified bargaining agency, the U.A.W.–C.I.O., had the right to fix by contract the seniority status of such former Highland employees and to fix it as of January 1, 1944. Said cause was appealed and the decision was affirmed. Since that time all non-veteran employees transferred from The Highland Body Manufacturing Company to The Trailmobile Company have been entered on the seniority list with their date of hiring as of January 1, 1944."
and also

"Because of the apparently conflicting decisions of the Ohio Courts in said Louis J. Hess case, and the case of Lawrence Whirls against plaintiff, now pending on Petition for Certiorari in the Supreme Court of the United States and being No. 1099 on the docket thereof [66 S.Ct. 1364] this plaintiff is uncertain as to the rights of each and all of its employees as to such seniority. Furthermore, under the Selective Training and Service Act of 1940, as amended, it is uncertain as to its duties with respect to its employees and to the rights of such employees who are under the terms and provisions thereof."
and also

"Defendant, U.A.W.–C.I.O., Local 392, has filed a strike notice with the National Labor Relations Board, and threatens to strike if any of the former employees of Highland, whether they be veteran or non-veteran, are given any place on the seniority list other than January 1, 1944, notwithstanding the decision of this court and the Circuit Court of Appeals, now pending before the Supreme Court of the United States on Petition for Certiorari, and being the case of Lawrence Whirls against plaintiff, and the defendant, the UAW–CIO, while on the other hand, the Selective Service System insists that all former Highland veterans be placed on the Seniority List as of date of hiring with said The Highland Company. None of the seniority rights of such Highland employees have been determined by this court, other than that of Lawrence Whirls. It is necessary that the Court temporarily enjoin all of the defendants herein and all of those represented by them in their respective classes, from taking any action to change the seniority list until there is a final determination by the Court as to their respective rights."
and

"Prays judgment and direction of the Court in regard to the relative seniority rights of each of the defendants herein and each of the employees named in Exhibits A, B, C, D, E, F, and G, all being employees of plaintiff, and that the Court temporarily

enjoin and restrain defendants and each of them from taking any action or doing any thing which would change the relative standing of any of such employees of plaintiff until there has been a final determination of the relative seniority rights of each and all of the defendants and each and all of the other employees whom each represents as a class, and such other and further relief as is necessary or proper."

To plaintiff's complaint Cecil Walls, a defendant herein, by the United States Attorney, moved to dismiss plaintiff's complaint on the ground that this court has no jurisdiction over subject matter of the action on the ground that the jurisdiction of the court is conditioned upon the invoking of such jurisdiction by a person entitled to the benefits of Section 308, Selective Training and Service Act of 1940 as amended. Defendant International Union, United Automobile, Aircraft, Agricultural Implement Workers of America, UAW–CIO, Local No. 392, also filed a motion to dismiss plaintiff's complaint for the same reason.

When the matter came on for argument on the motions, plaintiff filed an amended complaint substantially the same in all particulars as the original complaint except that the action is now brought pursuant to the authority of the Federal Declaratory Judgment Act, Judicial Code, Section 274d, 28 U.S.C.A. § 400, instead of Section 308 of the Selective Training and Service Act, plus the additional allegations that plaintiff is a non-resident of the State of Ohio, and that it is a suit of a civil nature where the matter in controversy exceeds exclusive of interest and costs the sum in excess of $3,000, and arises under the laws of the United States and is between citizens of different states, the prayer of the amended complaint being: "Plaintiff prays for the judgment of this court declaring that the seniority of all of the employees of plaintiff, defendants herein, is as fixed by the aforementioned contract of June 22, 1944, and that the Selective Training and Service Act, supra, does not affect the seniority of any of the employees of plaintiff as so fixed, and that the Court temporarily enjoin and restrain the defendants and each of them from taking any action or doing any thing which would change the relative standing and seniority rights of the employees of plaintiff until final determination of this cause, and for such other and further relief as is necessary and proper."

From a consideration of the pleadings and the arguments by counsel and treating the motions as being re-filed to the amended complaint, it appears and the court finds as a matter of fact that the judgment sought by plaintiff is the same in the amended complaint as in the original complaint, namely, a declaratory judgment by the court establishing the seniority of certain employees in classifications as designated by the contract entered into between the plaintiff and the defendant, International Union, United Automobile, Aircraft, Agricultural Implement workers of America, UAW–CIO, Local No. 392; that notwithstanding the attempt to confer jurisdiction upon the court through Section 274d, 28 U.S.C.A. § 400, diversity of citizenship and the inclusion of the necessary jurisdictional sum, the cause of action remains solely and only the seniority status of certain returned service men employees of plaintiff.

In view of the foregoing and by reason of the fact that Section 308 (e) of the Selective Training and Service Act of 1940, as amended, confers jurisdiction on the District Court only "upon the filing a motion, petition, or other appropriate pleading by the person entitled to the benefits of such provisions," etc., clearly and definitely indicating that the benefits of the Act are reserved exclusively to returned veterans, and plaintiff herein not being such a person, this court has no alternative but to grant the motions for dismissal and it is so ordered.