## LINDSEY v. LEEWRIGHT et al.

### No. 12341.

United States Court of Appeals
Fifth Circuit.

Dec. 14, 1948.

Enoch G. Fletcher, of Grand Saline, Tex., for appellant.

O. C. Funderburk, of Tyler, Tex., and John D. Rienstra, Asst. U. S. Atty., of Beaumont, Tex., for appellees.

Before HUTCHESON, SIBLEY, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

F. U. Lindsey, a non-veteran, brought this suit against Joe Leewright, a veteran of World War II, and his employer, the Texas Short Line Railway Company, seeking to oust Leewright from a job which had been returned to him upon his release from the service, and to require the railway company to restore the job to appellant. Jurisdiction was sought under the Selective Training and Service Act of 1940, § 8(e), as amended, 50 U.S.C.A.Appendix, § 308(e).

The complaint was attacked by a motion to dismiss on the grounds that (1) the amount involved in the controversy is less that $3,000, exclusive of interest and costs; (2) there is no diversity of citizenship between the parties sufficient to confer federal jurisdiction; and (3) the cause is not one arising under the Constitution and the Laws of the United States, granting jurisdiction to this court irrespective of the amount involved.

We are of opinion the trial court properly dismissed the complaint for want of jurisdiction. We find no merit in appellant's contention that jurisdiction was sufficiently predicated on the declaratory judgment act, or that the constitutionality of the Selective Training and Service Act was a proper issue before the court. 28 U.S.C.A. § 400 [now §§ 2201, 2202]; Commercial Casualty Insur. Co. v. Fowles, 9 Cir., 154 F. 2d 884, 165 A.L.R. 1068; Title 50, U.S.C.A., Sec. 308.

It becomes patent from a careful consideration of this complaint that no independent ground of federal jurisdiction sufficient to sustain this controversy exists, other than that sought to be invoked under the Selective Training and Service Act of 1940, § 8(e), 50 U.S.C.A.Appendix, § 308-(e). Moreover, since the suit admittedly was not brought by a returning veteran claiming any benefits under the Act, and does not involve any controversy between a returning veteran and his employer, plaintiff was clearly not a "person entitled to the benefits of such provisions" within the

meaning of the statute, and therefore had no status to invoke federal jurisdiction under the Act. 50 U.S.C.A.Appendix, § 308(e), Trailmobile v. International Union, D.C., 67 F.Supp. 53.

Affirmed.