## NORTHAM v. ÆTNA LIFE INS. CO.

No. 416.

United States District Court

D. Montana, Helena Division.

July 22, 1949.

Victor H. Fall, of Helena, Mont., and J. F. Emigh, of Butte, Mont., for plaintiff.

Toomey, McFarland and Wagner, of Helena, Mont., for defendant.

MURRAY, District Judge.

Plaintiff, over a period of eight years from 1922 to 1930, purchased six separate contracts of insurance from the defendant, and thereafter commenced in the State District Court of the State of Montana three separate actions based upon said contracts of insurance. In each of said actions the claims of plaintiff are laid in two separate causes of action and the essential fact situation as alleged in each cause of action is identical with that in the instant case.

The complaint in the instant case alleges in the first claim the purchase, on or about the 21st day of May, 1930, at Fort Meade, Maryland, of policy No. P 663385, being a contract of insurance in the principal sum of $5,000.00 upon the life of the insured, and it is alleged that said contract of insurance, in addition to the $5,000.00 payable upon death, provided for the waiver of the payment of premiums upon the total and permanent disability of plaintiff. It further alleged that plaintiff became totally and permanently disabled on or about the 1st day of June, 1946, and that after proof of such disability, defendant refused to waive payment of premiums and that plaintiff paid such premiums and that there was due plaintiff from the defendant at the time of the filing of the action, exclusive of interest and costs, the sum of $356.40, representing 33 months refund of premium at $10.80 per month.

The second claim alleges the purchase of a contract of insurance from the defendant on or about the 28th day of September, 1927, at Fort Howard, Maryland, being policy No. N 699594 in the principal sum of $4,500.00 upon the life of the plaintiff, and in addition thereto said policy of insurance provided for the payment of $45.00 per month to the plaintiff upon his total and permanent disability; that said policy also provided for a waiver of payment of the premium upon the total and permanent disability of plaintiff; that the plaintiff became totally and permanently disabled on or about the 1st day of June, 1946; that after due proof of such disability defendant has failed and refused to make the payments under said policy provided for, or to waive payment of premium; that plaintiff paid said premiums and that there was due and owing to plaintiff at the time of the filing of the said action the sum of $1,485.-00, representing 33 months benefits at $45.00 per month and the further sum of $264.33, representing 33 months refund of premium at $8.01 per month.

Plaintiff prays in his complaint that the rights and duties of the defendant under the terms of the contract be fixed and determined and that plaintiff have judgment against the defendant under his first cause of action for premiums paid by plaintiff to defendant and not repaid by defendant from and after June 1, 1946, and further that plaintiff have judgment against defendant under his second cause of action for such sums as may be found due under the disability provisions of the contract of insurance, together with the refund of premiums paid by plaintiff to defendant from and after June 1, 1946. Plaintiff further prays that he be awarded a continuing judgment ordering defendant to continue to pay benefits and waive premiums under both causes of action, subject to the right of the defendant for periodical physical examinations of the plaintiff and the right of the defendant to reopen said continuing judgment under such terms as to the Court may seem just.

The action was removed to the District Court of the United States on the petition of defendant, alleging that this Court has jurisdiction by reason of diversity of citizenship and that the subject matter of the controversy, exclusive of interest and costs, exceeds $3,000.00, and in support of its petition for removal, defendant has filed an affidavit setting forth that said defendant is by law required to set up reserves to meet its contingent liability under the policies and has in fact set up a reserve on the policy covered by the first cause of action in the sum of $1,236.78 and has set up a reserve on the policy covered by the second cause of action in the sum of $6,272.12, making a total of $7,508.90.

The matter is before the Court on plaintiff's motion to remand to the State Court. Plaintiff's motion to remand does not traverse the facts set forth in the affidavit with reference to the setting up of reserves.

In resistance to plaintiff's motion to remand, defendant contends first that plaintiff has split his claim into three actions for the purpose of evading jurisdiction of the United States Disrtict Court, and that in truth the claims under all six contracts of insurance comprise but one cause of action and are governed by the same factual situation.

Defendant contends further in this connection that each of the three actions filed do in themselves exceed the jurisdictional amount necessary because plaintiff has put in issue the maximum claims possible for an insured to make under the disability provisions of each policy, by praying for future payment under a so-called "continuing judgment" and that such future payments must be considered in determining the existence of the jurisdictional amount.

Defendant secondly contends that in determining the existence of the jurisdictional amount necessary, the Court should take into consideration the reserves set up by defendant to meet such future and contingent liability under the policies.

■ With reference to the first contention of defendant, it is sufficient to point out that each claim is based upon a separate and complete contract of insurance between plaintiff and defendant. The right to recover on each contract is a separate right wholly apart from the others. While it is true that plaintiff may have elected to join more claims in an action that election is the plaintiff's. As is pointed out in Waltman v. Union Central Life Insurance Company, D.C., 25 F.2d 320, 321: "Joinder is a voluntary act and cannot be compelled by the defendant. The plaintiff at his option may sue in the aggregate or upon each separate cause. * * * The suitor should have the right to choose his forum, and, if in doing so he makes use of his legal rights, he may not be said to have fraudulently invoked jurisdiction."

■ In support of its contention that the plaintiff has put in issue the maximum claims possible under each of the policies, by praying for a so-called "continuing judgment", and that such future payments must be considered in determining the existence of the jurisdictional amount, defendant cites the case of Trainor v. Mutual Life Insurance Company of New York, 7 Cir., 131 F.2d 895. That case does not carry weight with the Court. The defendant insurance company had removed the case to the United States District Court

and then becoming dissatisfied with the result there, attacked the Court's jurisdiction on appeal. In order to sustain jurisdiction the Court of Appeals in the Trainor case has in effect said that although the allegations of the complaint and the proof do not entitle plaintiff to a judgment in excess of the jurisdictional amount, still by praying for "future payments" (to which he was not entitled under the Court's decision) there was tendered in good faith and with some claim of legal right an issue within the jurisdictional amount. While the result in that particular case may be approved, it cannot be accepted as the law in the instant case. It is recognized that after proof a sum less that the jurisdictional amount may be adjudged, but there must first, in order for jurisdiction to attach, be put in issue a sum in excess of the jurisdictional amount. That cannot be done by praying for a sum not recoverable under the allegations of the complaint. North American Transportation and Trading Company v. Morrison, 178 U.S. 262, 20 S.Ct. 869, 44 L.Ed. 1061.

Defendant also cites the case of St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845, but that case is of no assistance to defendant here as the factual allegations of the complaint put in issue a sum in excess of the jurisdictional amount, and the Court merely announces the rule that the status of the case, as disclosed by the complaint, is controlling. Defendant cites the case of Thorkelson v. Aetna Life Insurance Co., D.C., 9 F.Supp. 570, to support its contention that the face value of the policies is at issue, but an examination of that case discloses that the complaint itself alleges that the defendant there claims the policy of insurance to have lapsed. It would therefore appear that the amount in controversy in that case is the total amount of liability on the policy. The case is not in point. The case of Barry v. Edmunds, 116 U.S. 550, 6 S.Ct. 501, 509, 29 L.Ed. 729, is not in point for defendant, as that was an action in trespass, accompanied with malice in which the value of the property was less than the jurisdictional amount but the claim of damages was in excess

of the jurisdictional amount, and the Court merely held that: "There was clear error in the circuit court in its ruling, as matter of law, that there could be no lawful recovery, in such a case as that stated in the declaration, of an amount equal to that which is necessary to support the jurisdiction of the court."

The case of Wetmore v. Rymer, 169 U.S. 115, 18 S.Ct. 293, 42 L.Ed. 682, is likewise not in point as that was an action of ejectment commenced in the United States Court in which the question of the value of land was involved. The Court there found that the value of the land was in excess of the jurisdictional amount and held that from the facts present it could not be found to a "legal certainty" that the suit did not involve a jurisdictional amount, and that it was therefore error for the Circuit Court to dismiss the action.

The case of Put-in-Bay Waterworks, Light & Railway Co. v. Ryan, 181 U.S. 409, 21 S.Ct. 709, 45 L.Ed. 927, is not in point, nor is the case of Hampton Stave Co. v. Gardner, 8 Cir., 154 F. 805. The latter case involved an action by a vendee claiming damages for breach by vendor of a contract for sale of real estate. The Court merely held that the record fails to convince that the claim of $10,000.00 damages was made in bad faith.

From an examination of all of the cases, with reference to this point, the Court is convinced that the cases of Commercial Casualty Insurance Co. v. Fowles, 9 Cir., 154 F.2d 884, 165 A.L.R. 1068; Button v. Mutual Life Insurance Co., D.C., 48 F.Supp. 168, Mutual Life Insurance Co. v. Moyle, 4 Cir., 116 F.2d 434, correctly take the position that future benefits are not to be considered in determining whether the jurisdictional amount is in controversy. In Button v. Mutual Life Insurance Company, supra, it appears that suit was commenced in the State Court involving a policy of insurance on the life of plaintiff in the sum of $5,000.00, with waiver of premium and payment of $50.00 per month in event of total and permanent disability. The prayer was for $700.00 due at the time of the filing of the action, that plaintiff be adjudged totally and permanent-

ly disabled and that plaintiff be adjudged payment of $50.00 per month for the remainder of his natural life. The petition for removal alleged diversity of citizenship, and that the matter in controversy exceeded, exclusive of interest and costs, the sum or value of $3,000.00. The Court held that in such a case the Court should consider only the amount of payments already accrued and could not consider payments which would be due in the future if liability under the policy was established, in its determination as to whether or not the matter in controversy exceeded the jurisdictional sum.

In this connection it may be pointed out that any so-called "continuing judgment", adjudging the payment of future installments under the policies in issue, would be merely ordering the defendant to do what it is by its contract bound to do, as such payments are only asked upon the basis of a total and permanent disability, and in any event this action is in no way res judicata as to defendant's liability under the policies in the future. The continuing liability depends upon the future existence and continuance of the disability. Defendant insurance company's argument that the State Court will enter a continuing judgment has no bearing on the determination of whether or not there exists before this Court a controversy exceeding in value the sum of $3,000.00, exclusive of interest and costs. It is pointed out that this Court cannot entertain and take jurisdiction of an action for declaratory judgment except with respect to a justiciable controversy, and this Court holds that there is no justiciable controversy in the instant case as to future payments.

Defendant's contention that the setting up of a reserve fund should be considered by the Court in ascertaining the existence of the jurisdictional amount is found to be without merit. Button v. Mutual Life Insurance Company, supra, Mutual Life Insurance Company of New York v. Moyle, supra, and Berlin v. Travelers Insurance Company of Hartford, Connecticut, D.C., 18 F.Supp. 126, 128, correctly state the rule to be that the setting up of a reserve in such a case as this does not add to the amount in controversy and is not to be considered in determining the existence of the jurisdictional amount, but is merely incidental, consequential and collateral to plaintiff's claim. As was pointed out by the Court in Berlin v. Travelers Insurance Company of Hartford, Connecticut, supra: "The requirement for the reserve does not mean that the defendant will necessarily be required to pay out a sum in excess of $3,000 as that obviously depends upon the long continuance of plaintiff's total disability which will not be established by the plaintiff's success in the present suit, which covers only a particular period of alleged total disability. That is to say, a judgment for the plaintiff in the present case will not necessarily be an estoppel against the defendant with respect to payments alleged to be due in the future. But even if this were the necessary result of this case, nevertheless that would not be sufficient to establish the jurisdiction because it is only a collateral or consequential or incidental result."

This Court must scrupulously confine its jurisdiction within the precise limits of the statute and with that in mind and accepting the reasoning set forth in the above cases, this Court is of the opinion that it does not have jurisdiction in the instant case because the matter in controversy does not, exclusive of interest and costs, exceed the sum of $3,000.00.

Accordingly, the motion of plaintiff to remand to the State Court is granted, and it is ordered and this does order that the above-entitled cause be remanded to the District Court of the First Judicial District of the State of Montana, in and for the County of Lewis and Clark, from whence it came, for all further proceedings.

It is further ordered that the Clerk of this court forthwith notify the attorneys of record of the respective parties of the making of this order.