**LONGVIEW TUGBOAT COMPANY, a corporation, Appellant,**

v.

**George S. JAMESON, as United States Collector of Customs, Appellee.**

**No. 13908.**

United States Court of Appeals, Ninth Circuit.

Jan. 11, 1955.

Thomas J. White, William F. White, Portland, Or., John F. McCarthy, Longview, Wash., for appellant.

Warren E. Burger, Asst. Atty. Gen., Paul A. Sweeney, Department of Justice, Washington, D. C., Leavenworth Colby, Sp. Asst. to Atty. Gen., Keith Ferguson, Sp. Asst. to Atty. Gen., C. E. Luckey, U. S. Atty., Victor E. Harr, Asst. U. S. Atty., Portland, Or., for appellee.

Before HEALY, BONE and POPE, Circuit Judges.

PER CURIAM.

The appellant Tugboat Company filed a complaint in the court below alleging that it was the owner of a so-called "scow" known as the Sea Horse of approximately 500 tons burden; that it had made application to the defendant Collector of Customs for a license or other appropriate documentation to use the scow in coastwise trade; that defendant had refused to issue the license on the ground that the commandant of the Coast Guard holds that this scow is subject to inspection under the provisions of the Act of May 28, 1908, Title 46 U.S.C.A. §§ 395–398. It further alleged that the Sea Horse is not a "sea-

going barge" within the meaning of those sections; and that it would require an expense of more than $5000 to install on the scow the equipment required by those sections and the Coast Guard regulations. The prayer asked that judgment be entered "declaring that the provisions of Sections 395 to 398, inclusive, Title 46, Code of the Laws of the United States, have no application to plaintiff's scow Sea Horse and that inspection thereof by the United States Coast Guard is not required as a prerequisite to the documentation thereof for the coastwise trade and that the defendant as Collector of Customs be required by appropriate order to issue a license or other appropriate document for said scow Sea Horse for the coastwise trade."

After answer, and pursuant to a pretrial order, trial was had whereupon the court made findings and entered a judgment for the defendant upon the merits, holding in substance that the Sea Horse was a sea going barge within the provisions of the sections mentioned. The pretrial order listed as three of the issues of law to be determined pursuant to the stated contentions of the defendant, the following:

"1. Is the cause within the jurisdiction of the United States and of this Court?

"2. Is the Commandant of the United States Coast Guard an indispensable party to this litigation?

"3. Is this a suit against the United States, which has not granted its permission to be sued?"

■ The contentions which brought about this statement of the issues raised the question of the jurisdiction of the court below to hear the proceeding upon the merits. Although the appellee in

this court has not renewed the original contention that the court lacked jurisdiction, yet we must notice the question for lack of jurisdiction of a federal court is one which the court must notice regardless of the failure of the parties to make objection on that ground. United States v. Corrick, 298 U.S. 435, 440, 56 S.Ct. 829, 80 L.Ed. 1263.

■ It will be noted that the prayer of the complaint, quoted above, is for declaratory relief and for "an appropriate order" requiring the Collector of Customs to issue a license or other appropriate document. An order of that character would be in substance a writ of mandamus. District Courts of the United States have no original jurisdiction to grant that kind of relief. Petrowski v. Nutt, 9 Cir., 161 F.2d 938. The fact that appellant prayed for a declaration of rights under the Declaratory Judgment Act, Title 28, §§ 2201, 2202, does not serve to furnish a ground of federal jurisdiction. As we said in Southern Pac. Co. v. McAdoo, 9 Cir., 82 F.2d 121, 122, "The Declaratory Judgment Act * * * is limited in its operation to those cases which would be within the jurisdiction of the federal courts if affirmative relief were being sought. * * * The mere fact that a declaratory judgment is sought is not, of itself, a ground of federal jurisdiction." [1]

■ Furthermore, a declaratory judgment against the Collector of Customs at Portland, Oregon, would be a futile thing. Under Title 14, § 89, 63 Stat. 502, 64 Stat. 406, and other related provisions, the Coast Guard would be the agency of the United States which would be charged with the task of intercepting and seizing the Sea Horse. A declaratory judgment against the Collector of Customs would not serve to protect ap-

---

1. See Borchard, Declaratory Judgments, Second Edition, p. 233: "It is an axiom that the Declaratory Judgments Act has not enlarged the jurisdiction of the courts over subject matter and parties, although it manifestly has opened to prospective defendants,—and to plaintiffs at an early stage of the controversy—a right to petition for relief not heretofore possessed. * * * The limitation of the relief to courts having jurisdiction is sometimes expressed as denying jurisdiction in cases where, even though the facts had been ripe therefor, no affirmative relief could have been granted if sought."

pellant against such action by the Coast Guard, nor could the declaratory judgment here sought be relied upon as res judicata in a subsequent suit against the Commandant of the Coast Guard. The latter is not made a party and would not be subject to suit in the court below. Directly in point is Marshall v. Crotty, 1 Cir., 185 F.2d 622, 627.

We hold therefore that the court below should have followed its own prior decision in Palmer v. Walsh, D.C., 78 F.Supp. 64, and have dismissed the action for want of jurisdiction. Accordingly, its judgment dismissing the action is modified so as to recite that the action is dismissed for want of jurisdiction, and so modified, the judgment is affirmed.