222 F.2d 601
 CANADIAN INDEMNITY COMPANY and Harry C. Dow, doing business as Harry Dow Garage, Appellants,
v.
REPUBLIC INDEMNITY COMPANY of America, Elsie Arno, Nicholas Arno and Richard R. Stein, Appellees.
 No. 13882.
 United States Court of Appeals Ninth Circuit.
 March 25, 1955.
 Rehearing Denied May 31, 1955.
 
 DeForrest Home, Los Angeles, Cal., for appellants.
 Wyman & Finell, Beverly Hills, Cal., Harold J. Kendis, Louis A. Audet, Los Angeles, Cal., for appellee.
 Before POPE, FEE and CHAMBERS, Circuit Judges.
 POPE, Circuit Judge.
 
 
 1
 In this case Elsie Arno had a Willys automobile and appellee, Republic Indemnity Company, plaintiff below, had issued to her a policy of insurance covering public liability and property damage arising out of the operation of the Willys automobile. The same policy also provided similar protection for Mrs. Arno with respect to other private passenger automobiles while being operated temporarily by her as a substitute for the Willys, the insurance as to such substituted automobiles to be excess insurance over all other valid and collectible insurance available to Mrs. Arno.
 
 
 2
 On January 2, 1952, the Willys automobile was being repaired at the garage of Harry C. Dow who had permitted Mrs. Arno to use his Studebaker car temporarily while the Willys was being repaired. The appellant, Canadian Indemnity Company, had issued to Dow a similar policy of insurance covering the Studebaker car and insuring not only Dow but any other person operating the automobile with his consent. The complaint herein shows that on that date, while Elsie Arno was driving the Studebaker car, "it was involved in an accident with a motorycle belonging to the defendant City of Los Angeles and being operated by defendant Richard R. Stein". No other particulars as to the extent of the accident or as to the amount of damages, actual or claimed, arising out of that accident are furnished in the complaint or elsewhere in the record.
 
 
 3
 Republic filed its complaint in the court below against Canadian, Dow, Mrs. Arno, her husband, City of Los Angeles, and Stein, alleging that plaintiff Republic was and is an Arizona corporation and citizen of that State; that Canadian was and is a Canadian corporation and a citizen of the Dominion of Canada, and that City of Los Angeles is a municipal corporation of California, and that the individual defendants were residents and citizens of California. The complaint further set forth the facts concerning the issuance of the insurance policies insuring the Willys and the Studebaker automobiles above mentioned, and alleged that a controversy has arisen between the plaintiff Republic and the other persons named as defendants relating to their legal rights and duties under said policies of insurance; that Republic claimed that liability under its policy was limited to excess insurance by reason of the fact that the policy of Canadian was valid and collectible insurance available to Mrs. Arno; that all other parties disputed the contention of Republic Indemnity Company; that the primary liability is under the insurance issued by Canadian Indemnity Company. The prayer was for a declaration of the rights of the plaintiff under its policy of insurance.
 
 
 4
 Judgment below was given to Republic and was to the effect that Canadian Indemnity Company had the primary responsibility to defend and pay damages under its policy.
 
 
 5
 Although the prayer of the complaint and the judgment of the court was for declaratory relief, Title 28 §§ 2201, 2202, yet "The Federal Declaratory Act did not enlarge the jurisdiction of the courts of the United States. It merely provided a remedy for use in cases within their jurisdiction." Commercial Casualty Ins. Co. v. Fowles, 9 Cir., 154 F.2d 884, 885, 165 A.L.R. 1068; Longview Tugboat Co. v. Jameson, 9 Cir., 218 F.2d 547. It is therefore apparent that if the District Court had jurisdiction it must be invoked on the ground that the matter in controversy exceeded, exclusive of interest and costs, the sum or value of $3000 and was between citizens of different States. The complaint sufficiently discloses diversity of citizenship, but neither in the complaint nor elsewhere in the record is there showing of the requisite amount in controversy.
 
 
 6
 Although the question of lack of jurisdiction is not presented in any of the briefs before us, yet this court must take note of an apparent lack of jurisdiction regardless of the failure of the parties to make objection on that ground. United States v. Corrick, 298 U.S. 435, 440, 56 S.Ct. 829, 80 L.Ed. 1263; Longview Tugboat Co. v. Jameson, supra. We must conclude therefore that in the state of this record the District Court was without jurisdiction to entertain the cause for want of a showing of the required amount in controversy. Commercial Casualty Ins. Co. v. Fowles, supra.
 
 
 7
 Rule 8(a) (1), Fed.Rules Civ.Proc. 28 U.S.C.A. requires a plaintiff to set forth in his complaint "a short and plain statement of the grounds upon which the court's jurisdiction depends". The complaint here was thus defective in this respect. This court has heretofore ordered cases dismissed for want of jurisdiction where the complaint was defective. Commercial Casualty Ins. Co. v. Fowles, supra; City of Forsyth v. Mountain States Power Co., 9 Cir., 127 F.2d 583; Levy v. Sisson, 9 Cir., 198 F. 2d 73. There was no pretrial order or pretrial proceeding had and as we have indicated the record of the trial is barren of any evidence to disclose any stated amount in controversy either actual or claimed.[1] Since no evidence to supply the lack of this essential allegation was received at the trial, it is impossible that the defective pleading should be "deemed amended" within Rule 15(b) as suggested in Rule 12(h).
 
 
 8
 The judgment is reversed and the case is remanded with directions to dismiss it for want of jurisdiction.
 
 
 
 Notes:
 
 
 [1]
 Apparently at the time of the commencement of the action no suit had been brought by either Stein or the City of Los Angeles to recover for damage to the City's motorcycle or injuries to Stein. There is nothing in the record with reference to any such action although appellants advise in their brief and appellees agree that after the judgment in the court below Stein's case against Dow and Arno went to trial in the California Superior Court and the jury found for both defendants
 
 
 
 9
 On Motion for Rehearing.
 
 
 10
 PER CURIAM.
 
 
 11
 Appellee petitions for a rehearing saying that in stating in our opinion that the requisite amount in controversy was not shown to exist we overlooked the fact that the record showed that appellee's policy, referred to in the opinion, had "limits of liability of $25,000 for each person injured." This, says appellee, satisfies the jurisdictional requirement. It says we should deem the complaint amended to disclose this fact. As authority for its position appellee cites C. E. Carnes & Co. v. Employers' Liability Assur. Corp., 5 Cir., 101 F.2d 739.
 
 
 12
 We think that cases such as the one cited are not apposite here. The Carnes case presented the question whether a liability policy covering a truck from which liquid butane gas had escaped and killed or injured a number of persons covered the hauling and unloading of such gas. There is no question or controversy here concerning any matter other than which of two insurance companies must defend and otherwise satisfy such action as might arise out of the accident described in the complaint.
 
 
 13
 While the policy may have had limits of $25,000 "for each person injured", it does not appear here that any person whatever was injured. All that appears is that the automobile "was involved in an accident with a motorcycle" belonging to the city. Whether the motorcycle merely lost a hub cap, or whether it was wholly demolished, we cannot perceive here a controversy involving the requisite amount.
 
 
 14
 Appellee fails to note the distinctions pointed out by Judge Parker in Mutual Life Ins. Co. of New York v. Moyle, 4 Cir., 116 F.2d 434, 435. In the Carnes case, supra, there was involved the validity or extent of the whole policy. Here is involved no more than the liability for the consequences of the one motorcycle accident. Paraphrasing and adapting the language of Judge Parker: "Such a case [i. e. such as this] is to be distinguished from the one where the controversy relates to the validity of the policy and not merely to liability for benefits accrued [or an isolated accident]; for in the latter case, the amount involved is necessarily the face of the policy in addition to the amount of such benefits. See Stephenson v. Equitable Life Assur. Soc., 4 Cir., 92 F.2d 406 * * *."
 
 
 15
 The Stephenson case was one relied upon in the Carnes case. It concerned a policy which the insurer asserted had been lapsed. In distinguishing the Stephenson case, Judge Parker was adopting a rule consistent with what we said in Commercial Casualty Ins. Co. v. Fowles, 9 Cir., 154 F.2d 884, 165 A.L.R. 1068. Appropriate here is his statement, 116 F.2d at page 437: "Specifically, insurance companies may not be permitted, under the guise of seeking declaratory judgments, to drag into the federal courts the litigation of claims over which, because involving less than the jurisdictional amount, it was never intended that the federal courts should have jurisdiction."
 
 
 16
 The petition for a rehearing is denied.